Whitaker, Judge,
delivered the opinion of the court:
On September 23, 1940, pursuant to section 148 of the Judicial Code (36 Stat. 1137, as amended, 42 Stat. 24). *438 the' Secretary of War transmitted to this Court the clgim of Major Eugene A. Regnier for loss of private property, accompanied by photostats of vouchers, papers, documents, and proof pertaining thereto, duly certified by the Judge Advocate General.' -
From these it appears that the claimant during the period in question was a commissioned officer on active duty in the Regular Army of the United States. While serving at the Cavalry School, Fort Riley, Kansas, he, with several other officers and enlisted men, was duly ordered to—
* * * proceed on 14 October, 1939, marching by motor convoy, from Fort Riley, Kansas, to Fort Knox, Kentucky, and return, on temporary duty for the period 14 October, 1939, to' 22 October, 1939, inclusive.
Each officer was authorized to take one trunk locker for his baggage, which he was notified would be transported to Fort Knox by Army truck.
On October 13, 1939, after packing his trunk and attaching thereto an identification tag furnished for that purpose, claimant delivered the trunk to the motor transport pool at Fort Riley and placed it on one of the trucks designated by the orders.
The baggage truck was not unloaded until arrival at Fort Knox on October 15, 1939, where military personnel of that post unloaded the baggage and distributed it to the quarters assigned to the various owners. .Claimant’s trunk was not delivered at his quarters. On report thereof a thorough search was made, but the trunk has not since been found.
After placing the trunk on the designated Army truck,, claimant had no authority or control over it or over the baggage truck, which traveled independently of the column of passenger cars in which claimant rode to Fort Knox. None of the articles lost by claimant were insured and there is no government property on hand from which they may be replaced in kind.
On October 31, 1939, in accordance with Army Regulations and within the time allowed by law, claimant filed a claim with the War Department for the lost' trunk and the articles of wearing apparel contained therein. The claim! *439 wag referred to a' board of officers which, recommended that the claim be paid in the amount of $281.17. Items contained in the trunk and values assigned thereto and recommended for reimbursement by the board of officers are as follows:
Blue Dress Coat_ — , $60.00 3 Shirts (white)_^ $8. 40
Blue Dress .Trousers_ 16. 00 Bathrobe (camel’s hair)- 12.50
Blue Dress Cap-:_ 14.00 Leather Jacket_ 10. 00
Black Shoes_ 13.50 Sweater_ 11.25
Brown Field ¡Boots.;_ 40. 00 Raincoat__ 5. 02
Breeches — -_ 30.00 Miscellaneous wearing ap-
Bre’eches-'_■_ 33. 75 parel _ 8.00
’
Spurs, etc-,— 6.75
Shirt t(wool)_ 12. 00 Total_281.17
The claim was then transmitted to- the Chief of Finance who approved payment thereof and so recommended to the Assistant Secretary of War. The Assistant Secretary of War, acting for the Secretary, held:
It' is-hereby certified that the articles of property, in the items and values as found by the Board were reasonable, useful, necessary, and proper for the claimant-to have in his possession in the public service in the line of duty, while in quarters, or in the field, that the loss occurred under the circumstances ascertained and determined by the Board and without fault or negligence on the part of the claimant and that none of the items can be replaced in kind from Government property on hand. The value is hereby, under the provisions • of the Act of Congress of March 4, •1921 (41 Stat. 1436), ascertained and determined in the amount recommended by the Chief of Finance, and the claim in such amount is approved.
Thereupon the Finance Officer, United States Army, Washington, D. C., requested an advance decision by the Comptroller General on payment of the claim. The Comptroller General advised that claimant was not entitled to reimbursement. By reason of this opinion the finance officer did not pay the claim and returned it to the Assistant •Secretary of War for further consideration. At the time of . this reference to this 001114: the claim has neither been *440 paid nor disallowed and it is still pending within the jurisdiction of the Secretary of War.
Claimant has agreed in writing to accept $281.17 in full satisfaction and release of his claim and has consented to this reference in a letter addressed to the Secretary of War.
Section 1, paragraph third, of the Act of March 4, 1921 (41 Stat. 1436, 1437), provides in part as follows:
Section 1. That private property belonging to officers, * * * of the Army, including all prescribed articles of equipment and clothing which they are required by law or regulation to own and use in the performance of their duties, and horses and equipment required by law or regulations to be provided by mounted officers, which since the 5th day of April 1917, has been or shall hereafter be lost, damaged, or destroyed in the military service, shall be replaced, or the damage thereto, or its value recouped to the owner as hereinafter provided, when such loss, damage, or destruction has occurred or shall hereafter occur without fault or negligence on the part of the owner in any of the following circumstances:
* * * * *
Third. When during travel under orders such private property, including the regulating [regulation] allowance of baggage, transferred by a common carrier, or otherwise transported by the proper agent or agency of the United States Government,, is lost, damaged, or destroyed; but replacement, recoupment, or commutation. in these circumstances, where the property was or shall be transported by a common carrier, shall be limited to the extent of such loss, damage, or destruction over and above the amount recoverable from said carriel’.
The Comptroller General held (B-9231, April 15, 1940) that the travel performed by the claimant in this case did not come within the provisions of section 1, paragraph third, supra, providing for the replacement or the recoupment of the value of the private property of officers lost “during travel under orders.” This seems to us patently erroneous. The act specifically allows such recoupment where the baggage is “transferred by a common carrier, or otherwise transported by the proper agent or agency of the United States Government.” This baggage was being *441 transported by the United States Army ill an Army truck .manned by enlisted men of the Army’. The case comes squarely within the terms of the statute.
This appearing to be a case where under section 148 of the Judicial Code we are authorized to render judgment, the claimant having consented to this reference, judgment will be entered against the defendant for the sum of $281.17. The War Department will be so advised.
Littleton, Judge; Green, Judge; and Whaley, Chief Justice, concur.