GREEN, Judge,
delivered the opinion of the court:
Pursuant to section 148 of the Judicial Code, the Secretary of War transmitted to this court the claim of Major Sam M. Brabson foi loss of private property, accompanied by photostats of vouchers, papers, documents, and proof pertaining thereto, duly certified by the Judge Advocate General.
From these it appears that the claimant during the period in question had been since September 5,1920, a commissioned officer in the Regular Army of the United States. On October 4,1938, his retirement from active service for disability incident thereto was announced and he was relieved from assignment and duty at Fort Lewis, Washington, as of October 31,1938, and directed to proceed to his home. The travel directed was declared necessary in the public service. He was entitled within one year from the date of his retirement to mileage and to the shipment at Government expense of 9,500 pounds of baggage (household goods and other personal property) to such a place as he might select as his home.
About October 24, 1938, Major Brabson’s goods were delivered to the Quartermaster at Fort Lewis, Washington, for packing, crating, and shipping. After being packed and crated, on June 2, 1939, they were shipped by the Quartermaster at Fort Lewis to him at Orlando, Florida, in compliance with his request.
About August 30, 1939, the goods were received by Major Brabson at Orlando, Florida, in a damaged condition. Am itemized statement of the damages and the estimated cost of repairs is shown in the report of the War Department submitted to this court. The estimated cost of repairs was $127.50. The shipment was not insured by Major Brabson. He submitted the claim to the Atlantic Coast Line Railroad *189 and received $84.97 in settlement thereof. On December 10, 1989, he submitted the instant claim in the amount of $92.53' ($127.50 less $34.97) to the War Department, and pursuant to the army regulations the claim was referred to a Board of Officers which found, among other things, that the damage was due to fault or negligence of the officers or employees of the Government; that the estimate of the cost to repair the-damage ($127.50) appeared to be just and Reasonable; that the claim came within the provisions of the Act of March 4,. 1921, and recommended that it be approved in the amount of $92.53, being the amount claimed, less amount received from terminal carrier.
The claim and accompanying papers were then transmitted to the Chief of Finance who referred them to a board of officers for consideration who found, among other things:
* * * that the packing and crating were performed under proper authority; that the damage occurred incident to claimant’s travel under competent change of station orders; * * *
Taking into consideration that the weight of the shipment was in excess of the authorized allowance and prorating the damage less the amount received from the railroad company, it found that the claim was one probable for payment under Act of March 4, 1921, and recommended that it be paid in the amount of the Government’s pro Rata share,, i. e., $47.24, which sum Major Brabson has agreed to accept in full settlement, release, and discharge of the claim.
The Chief of Finance transmitted the claim to the Assistant Secretary of War recommending that it be approved for payment in the amount of $47.24 but invited attention to opinions of the Comptroller General to the effect that, although regulations permitted the transportation of such property at public expense, there was no authority under the-act of March 4,1921, for reimbursement for loss, damage, or destruction thereof while being so transported; and to an opinion of the Judge Advocate General to the contrary. The Chief of Finance recommended further that the claim be referred to The Judge Advocate General for consideration and opinion with a view to transmitting it to the Court of Claims as a departmental reference. The Judge Advocate *190 General expressed the opinion that the claim came within the provisions of the act of March 4, 1921, and, after pointing out that claims of this nature are recurrent and the benefits of that act were being denied certain military personnel evidently entitled thereto, recommended that the claim be made the subject of a departmental reference to the Court of Claims.
Acting for the Secretary of War, and pursuant to the duty of supervising and acting upon claims by or against the War Department assigned him by the Secretary of War, the Assistant Secretary of War considered this claim and placed the following indorsement thereon:
It is hereby certified that the articles of property, in the items and values as found by the Board were reasonable, useful, necessary, and proper for the claimant to have in his possession in the public service in the line of duty, while in quarters, or in the field, that the loss occurred under the circumstances ascertained and determined by the Board and without fault or negligence on the part of the claimant and that none of the items can be replaced in kind from Government property on hand. The value is her’eby, under the provisions of the Act of Congress of March 4, 1921, (41 Stat. 1436) ascertained and determined in the amount recommended by the Chief of Finance.
Further, in view of the conflicting opinions mentioned in paragraph 10, above, the Assistant Secretary of War, acting upon the recommendation of the Judge Advocate General and for the reasons given by that officer, decided to make the claim the subject of a departmental reference to the Court of Claims before taking final action thereon.
At the time of this reference the claim had neither been paid nor disallowed and was pending within the jurisdiction of the Secretary of War.
Major Brabson has consented to this reference.
The claim of plaintiff is made under the Act of March 4, 1921 (41 Stat. 1436), of which the pertinent parts are as follows:
SeotioN 1. That private property belonging to officers * * * of the Army, * * * which * * * shall hereafter be lost, damaged, or destroyed in the mil *191 itary service, shall be replaced, or the damage thereto, or its value recouped to the owner as hereinafter provided, when such loss, damage, or destruction has occurred or shall hereafter occur without fault or negligence on the part of the owner in any of the following circumstances:
Third. When during tiavel under orders such private property, including the regulating [regulation] allowance of baggage, transferred by a common carrier, or otherwise transported by the proper agent or agency of the United States Government, is lost, damaged, or destroyed; but replacement, recoupment, or commutation in these circumstances, where the property was or shall be transported by a common carrier, shall be limited to the extent of such loss, damage, or destruction over and above the amount recoverable from said carrier.
The Comptroller General as shown above in considering former cases disclosing facts of the same nature where “the property was damaged while being transported to the officer’s home selected by him after he had been relieved of all military duties” 'held that as the officer’s home was not stationed where military duty was performed, and as he had been relieved from all active duty when the transportation of his effects commenced his property was not damaged in the military service. By reason of this ruling, the case is now transmitted to this court for determination.
We think the ruling was erroneous and agree with the report of the Secretary of War who in discussing the facts of the case says: “The'act appears clear and unambiguous and, except for a seemingly unwarranted restriction read into it by the Comptroller General, obviously embraces Major Brab-son’s claim”. The words “in the military service” used in section 1 may be somewhat ambiguous but we think that an officer acting under military orders is “in the military service”. If there be any doubt about this interpretation, we think it is removed by the further statement in section 1 that the value of the property lost shall be recouped “in any of the following- circumstances” which includes the definition in paragraph 3 as follows:
Third. When during travel under orders such private property; including the regulation allowance of baggage, transferred by a common carrier, or otherwise trans- *192 gorted by the proper agent or agency of the United tates Government, is lost, damaged, or destroyed, * * * U. S. Code, Title 31, Sec. 218.
The plaintiff was travelling “under orders’’ and the property was being “transported by the proper agent or agency of the United States Government”. , See Regnier v. The United States, 92 C. Cls. 437.
The case being one where the law authorizes us to iender judgment, the claimant having consented to this reference, judgment accordingly will be entered against the defendant for $47.24. The Department will be so advised.
Jones, Judge; WhitakeR, Judge; and Whaley, Chief Justice, concur.
Littleton, Judge, took no part in the decision of this case.